**In re Duwlav Edilzar LOPEZ, Respondent**

**File A74 291 863 - Miami**

Decided March 24, 1998

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Where the Board of Immigration Appeals dismisses an appeal as untimely, without adjudication on the merits, the Board retains jurisdiction over a motion to reconsider its dismissal of the untimely appeal to the extent that the motion challenges the finding of untimeliness or requests consideration of the reasons for untimeliness. Matter of Mladineo, 14 I&N Dec. 591 (BIA 1974), modified.

Carlos A. Rodrigues, Esquire, Miami, Florida, for the respondent

Pamela D. Ransome, Assistant District Counsel, for the Immigration and Naturalization Service

Before: Board Panel: SCHMIDT, Chairman; MATHON, Board Member; MILLER, Alternate Board Member.

SCHMIDT, Chairman:

On May 15, 1997, the Board dismissed the respondent's appeal from the Immigration Judge's decision as untimely. On June 16, 1997, the respondent filed this motion to reconsider with the Board,

requesting that we reconsider our dismissal of the untimely appeal.[1] The motion will be denied.

As an initial matter, we must resolve the issue of whether the Board has jurisdiction to adjudicate the respondent's motion to reconsider in light of our holding in Matter of Mladineo, 14 I&N Dec. 591 (BIA 1974). In that case, we held that where the Board dismisses an appeal solely for lack of jurisdiction, without adjudication on the merits, the appeal is deemed nugatory, and the Immigration Judge retains jurisdiction over any subsequent motion to reopen or reconsider. However, we now modify our holding in Matter of Mladineo, supra, and hold that the Board retains jurisdiction over a motion to reconsider its dismissal of an untimely appeal to the extent that the motion challenges the finding of untimeliness or requests consideration of the reasons for untimeliness. Therefore, the Board has jurisdiction to adjudicate the respondent's motion to reconsider.

A motion to reconsider asserts that at the time of the Board's previous decision, an error was made. It is a "'request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked.'" Matter of Cerna, 20 I&N Dec. 399, at 402 n.2 (BIA 1991) (quoting Hurwitz, Motions Practice Before the Board of Immigration Appeals, 20 San Diego L. Rev. 79, 90 (1992)). The regulations require that a motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority. 8 C.F.R. § 3.2(b)(1) (1997).

The respondent's Notice of Appeal (Form EOIR-26), which was required to be filed on or before February 27, 1997, was not filed until February 28, 1997. The respondent's motion contains a sworn affidavit from his counsel's receptionist, who claims to have personally mailed the Notice of Appeal by dropping it off at a Federal Express mailbox located in her office building. In her affidavit, she attests to her belief that packages deposited at the

---

[1] The motion is timely under the regulations, which require a motion to reconsider to be filed within 30 days after the Board's decision is mailed. See 62 Fed. Reg. 10,312, 10,330 (1997) (to be codified at 8 C.F.R. § 3.2(b)(2)) (interim, effective Apr. 1, 1997). The respondent's motion had to be filed within 30 days of the Board's decision on May 15, 1997, which was Saturday, June 14, 1997. The motion was therefore due on the next business day, Monday, June 16, 1997, the day it was filed.

site by 6:00 p.m. would be picked up that evening and delivered by the following day. She avers that she dropped off the respondent's appeal before 6:00 p.m. on February 26, 1997. However, she was later informed by Federal Express that the final mail collection for the Federal Express box in her building occurred at 5:45 p.m. Consequently, the package was not picked up until the following day, February 27, 1997, and the respondent's Notice of Appeal did not arrive at the Appeals Processing Unit of the Board until February 28, 1997, 1 day after the deadline.

We find this explanation to be insufficient to warrant reconsideration. The receptionist for the respondent's counsel does not explain the basis for her assumption that the last Federal Express pickup would occur at 6:00 p.m.[2] Furthermore, we note that the respondent waited until the very end of the 30-day appeal period to mail the Notice of Appeal and did not provide sufficient time for delivery.

Therefore, we decline to reconsider our decision to dismiss the respondent's appeal as untimely. Accordingly, the motion will be denied.

ORDER: The respondent's motion to reconsider is denied.

FURTHER ORDER: The record is returned to the Immigration Court without further action by the Board.

---

[2] We note that the respondent's counsel, in his motion, asserts that his office "has used the Federal Express service innumerable times without this situation ever occurring previously," and that "inexplicably, Federal Express picked up their six o'clock mail at 5:45 p.m." These assertions, however, are contradicted by the receptionist's affidavit, which notes that Federal Express informed counsel's office that the last pickup time for the mail box in question "is done at 5:45 p.m. every working day."