Govind Bala **KRISHNA** and Ambika Bala Krishna, Petitioners,

v.

Alberto **GONZALES**, Attorney

General,* Respondent.

Docket No. 03–4601.

United States Court of Appeals,
Second Circuit.

July 25, 2005.

Hardeep S. Rai, Rai & Associates, P.C., San Francisco, CA (on submission), for Petitioners.

Daryl F. Bloom, Assistant United States Attorney, (Thomas A. Marino, United States Attorney for the Middle District of Pennsylvania, on the brief), Harrisburg, PA (on submission), for Respondent.

PRESENT: POOLER, SACK, Circuit Judges, and GARAUFIS, District Judge.**

## SUMMARY ORDER

Petitioners seek review of the BIA's order dated February 27, 2003, dismissing their appeal from the Immigration Judge (IJ)'s denial, by order dated February 11, 2002, of their motion to reopen removal proceedings to rescind a removal order entered in absentia on October 21, 1998. We assume the parties' familiarity with the facts and procedural history.

We review the BIA's denial of a motion to reopen removal proceedings for abuse of discretion. *Zhao v. United States Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). Under 8 U.S.C. § 1229a(b)(5)(D), our review of a removal order entered in absentia is restricted to the issues of (1) whether petitioners received valid notice of pro-

---

* The Clerk of this Court is directed to alter the caption to reflect Alberto Gonzales's recent replacement of former respondent John Ashcroft as United States Attorney General.

** The Honorable Nicholas G. Garaufis, United States District Judge for the Eastern District of New York, sitting by designation.

ceedings under 8 U.S.C. § 1229(a), (2) petitioners' reasons for not attending the hearing, and (3) whether petitioners are removable.

■ An alien seeking to rescind a removal order entered in absentia by a motion to reopen must file such motion within 180 days of the order, unless she can show that she either did not receive notice of the proceeding that she failed to attend or that at the time of that proceeding she was in state or federal custody and failed to appear through no fault of her own. 8 U.S.C. § 1229a(b)(5)(C). Petitioners principally argue that because they were not allowed to enter the United States from Canada to attend their hearing, their failure to file their motion before the 180–day deadline should be excused for "exceptional circumstances." But "exceptional circumstances" may only be raised to excuse a failure to appear in a motion filed within the 180–day deadline-it does not provide an excuse for the failure to file a motion within that deadline. *Id.*

■ Because petitioners failed to challenge notice or removability before the BIA, those issues are waived here. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir. 2004). In any event, the record establishes that petitioners conceded removability before the IJ and received personal service of a notice to appear in compliance with 8 U.S.C. § 1229(a). Petitioners have similarly waived the issue of equitable tolling of the 180–day deadline by failing to raise it before the BIA, and have, in any event, not suggested what circumstances exist that might excuse a two and a half year delay in filing their motion.

We have considered the petitioners' other contentions and find them meritless.

For the foregoing reasons, the petition for review is DENIED. Accordingly, petitioners' motion for a stay of removal is DENIED.