**Miranda PRENGA, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 04–4734–ag.**

United States Court of Appeals, Second Circuit.

Nov. 17, 2006.

Glenn T. Terk, Wethersfield, CT, for Petitioner.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Bradley J. Schlozman, United States Attorney for the Western District of Missouri, Lucinda S. Woolery, Assistant United States Attorney, Kansas City, MO, for Respondent.

PRESENT: PIERRE N. LEVAL, JOSÉ A. CABRANES, Circuit Judges, JED S. RAKOFF, District Judge.**

## SUMMARY ORDER

Miranda Prenga, through counsel, petitions for review of the August 2004 BIA decision affirming Immigration Judge ("IJ") Matthew J. D'Angelo's decision denying her motion to reopen removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the agency's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34 (quoting *Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001)).

■ Neither the IJ nor the BIA abused its discretion in finding that the IJ lacked jurisdiction to consider Prenga's motion to reopen, and that her proper remedy for challenging the BIA's dismissal of her appeal as untimely was through a motion to reconsider. The BIA was the forum that dismissed the appeal; therefore, only the BIA had jurisdiction to consider her challenge to its decision to dismiss. Moreover, in its earlier decision, the BIA directed Prenga to *In re Lopez,* 22 I. & N. Dec. 16, 1998 WL 151436 (BIA 1998), where the BIA held that it "retains jurisdiction over a motion to reconsider its dismissal of an untimely appeal to the extent that the motion challenges the finding of untimeliness *or requests consideration of the reasons for untimeliness,*" *id.* at 17 (emphasis added). Prenga's motion, in which she argued that the dismissal should be reconsidered because Airborne Express had failed to provide the overnight delivery it guaranteed, clearly falls within this category.

■ That the BIA did not abuse its discretion is even more evident in light of its decision to consider the merits of Prenga's explanation for the untimely filing, notwithstanding her failure to present it properly. When the IJ dismissed her motion to reopen for lack of jurisdiction, he instructed her to file a motion to reconsider with the BIA, and she failed to do so—even though approximately ten days remained of the thirty-day window in which she could have filed a motion to reconsider. *See* 8 C.F.R. § 1003.2(b)(2). Nonetheless, the BIA *sua sponte* considered, on appeal of the denial of her motion to reopen, the merits of arguments that should have been presented in a motion to reconsider, and gave reasons for rejecting them. This case is thus distinguishable from *Zhong Guang Sun v. U.S. Dep't of Justice,* 421 F.3d 105, 111 (2d Cir.2005), in which we found that the BIA abused its discretion in dismissing the petitioner's appeal as untimely when it gave no indication that it even considered the petitioner's explanation that his late filing was due to an

---

** The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

unforeseen delay by Airborne Express. Prenga's failure to file a timely motion to reconsider with the BIA represents another distinction between this case and *Zhong Guang Sun.* *See id.* at 107 (noting that the petitioner in *Zhong Guang Sun* filed a timely motion to reconsider).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).