[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 30, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15408
Non-Argument Calendar

_____

BIA No. A98-718-280

YU LIU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(July 30, 2007)**

Before ANDERSON, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Yu Liu, a citizen of China, seeks asylum in the United States. On January 18, 2005, the IJ denied Liu's timely application for asylum. Liu waited seventy-four days before appealing that denial, missing the thirty-day deadline. He offered no explanation for the delay, and the BIA subsequently dismissed the appeal as untimely.

Then, on June 16, 2006, Liu filed another motion with the BIA, this one timely, which was styled as a motion to reconsider. It attempted to explain why his initial appeal had been delayed. He also attempted to use that filing to offer arguments and evidence that had not been put before the IJ. The BIA construed Liu's motion to reconsider as a motion to reopen and dismissed it for lack of jurisdiction.

Liu now petitions this court for review of the BIA's dismissal order, arguing that the BIA has jurisdiction over motions to reconsider "to the extent that the motion challenges the finding of untimeliness or requests consideration of the reasons for untimeliness." In re Lopez, 22 I. & N. Dec. 16, 17 (B.I.A. 1998). He also argues that we have jurisdiction to review the final order of removal and the IJ's denial of his motion for continuance when the case was at that stage. Finally, Liu asks us to grant him leave to adduce additional evidence pursuant to 8 U.S.C. § 2347(c).

We review the BIA's denial of a motion to reconsider or reopen only for an abuse of discretion. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001) (addressing motion to reopen); Assa'ad v. United States Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003) (addressing motion to reconsider). Judicial review is "limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary and capricious." Abdi v. United States Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005) (citation and quotation marks omitted). We review de novo all questions of subject matter jurisdiction and statutory interpretation. Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002).

Upon review of the record, we conclude that the BIA did not abuse its discretion in construing Liu's motion to reconsider as a motion to reopen and denying it for lack of jurisdiction. There is no question that most of Liu's motion is based on new evidence and arguments, which may be properly asserted only in a motion to reopen. Where the BIA did not issue a decision on the merits, jurisdiction remains with the IJ, and Liu should have file a motion to reopen in the Immigration Court, not with the BIA. In re Mladineo, 14 I. & N. Dec. 591, 592 (B.I.A. 1974) ("Where, as here, dismissal by the Board was solely for lack of jurisdiction, so that we made no adjudication on the merits, the attempted appeal is nugatory and the decision of the immigration judge remains undisturbed. If

3

thereafter a motion is made to reopen or reconsider that decision, there appears to be no reason why the immigration judge should not adjudicate it, as he does in other cases where there was no appeal from his prior order.").

Liu's motion does offer a justification for his untimely appeal—the death of his mother—and he argues that under the Lopez decision, the BIA had jurisdiction to consider his explanation for the delayed appeal. Here is the relevant paragraph of Liu's motion:

> On February 2, 2006, my mother died in China. (Exhibit D & E) She had been sick since 2005. However, she did not tell me how ill she was until after my individual hearing in January of 2006; she did this to spare me the heartache of her condition. I was devastated by the news; my mind has been focused on her and I have neglected my own situation. That was why I missed the deadline for the appeal.

Based on this statement, Liu claims that the BIA had jurisdiction to review his "motion to reconsider" and improperly dismissed it. Lopez, 22 I & N Dec. at 17 ("[T]he Board retains jurisdiction over a motion to reconsider its dismissal of an untimely appeal to the extent that the motion challenges the finding of untimeliness or requests consideration of the reasons for untimeliness.").

Although it is true that Lopez reserves jurisdiction for the BIA over motions to reconsider that challenge a finding of untimeliness or request consideration of proffered reasons for untimeliness, Liu did not file a proper motion to reconsider to begin with. His motion was styled as such, but it did not sufficiently "specify[] the

4

errors of fact or law in the prior Board decision" nor was it "supported by pertinent authority," as required by the regulation. 8 C.F.R. § 1003.2(b)(1). Liu did not mention his mother's death in his initial, untimely appeal of the IJ's decision, filed three months after she passed away. It was not until he filed the motion to reconsider, four and a half months after her death, that Liu raised the issue. The BIA did not make an "error of fact" in its decision to dismiss the appeal because the fact in question was not before it at the time it did that. Nothing changed between the BIA's initial dismissal of the appeal and subsequent dismissal of the "motion to reconsider." See In re Cerna, 20 I. & N. Dec. 399, 402–03 (B.I.A. 1991) ("When we reconsider a decision, we are in effect placing ourselves back in time and considering the case as though a decision in the case on the record before us had never been entered. . . . in reconsidering the decision we would treat his status as that which it had been at the time of the initial decision. The very nature of a motion to reconsider is that the original decision was defective in some regard.") The BIA properly construed Liu's motion as a motion to reopen and dismissed it for lack of jurisdiction.

As to Liu's second claim, we do not have jurisdiction to review either the IJ's removal order or the IJ's prior denial of Liu's motion for a continuance, because the petition for review in this court was filed more than thirty days after the final order of removal. 8 U.S.C. § 1252(b)(1). We have held that "[s]ince the

statutory limit for filing a petition for review in an immigration proceedings is 'mandatory and jurisdictional,' it is not subject to equitable tolling." <u>Dakane v. United States Att'y Gen.</u>, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (citing <u>Stone v. INS</u>, 513 U.S. 386, 405, 115 S. Ct. 1537, 1549 (1995)). Although Liu filed a motion to reconsider within thirty days of the BIA's dismissal of his appeal, that motion did not toll the limitations period for seeking review from this court. <u>See id.</u> Therefore, we do not have jurisdiction to review the IJ's final order or the denial of Liu's motion for continuance.

Nor do we have jurisdiction to grant Liu leave to adduce additional evidence pursuant to 28 U.S.C. § 2347(c). Congress has expressly prohibited courts from reviewing final immigration orders from taking additional evidence pursuant to § 2347(c). <u>See</u> 8 U.S.C. § 1252(a)(1). The evidence Liu offers now is the same evidence contained in his "motion to reconsider," and it should have been filed with the Immigration Court within ninety days of the date of entry of the final order of removal. 8 C.F.R. § 1003.23(b)(1). It was not.

**PETITION DENIED.**

6