**FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KNARIK VARUZHANI SHABOYAN, a/k/a Knarik Varuzhani Petrosyan,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-71574<br><br>Agency No. A075-306-631<br><br>ORDER |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted to Motions Panel June 28, 2011

Before: CANBY, GOULD, and TALLMAN, Circuit Judges.

Petitioner Knarik Varuzhani Shaboyan, a native and citizen of Armenia, petitions for review of an interim order of the Board of Immigration Appeals (BIA) denying her motion for a stay of removal pending consideration by the BIA of her motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We have jurisdiction to determine whether jurisdiction exists. *Flores-Miramontes v. INS*,

212 F.3d 1133, 1135 (9th Cir. 2000). We dismiss the petition for lack of jurisdiction.

We may review only final orders of removal. *Alcala v. Holder*, 563 F.3d 1009, 1015 (9th Cir. 2009); *Lopez-Ruiz v. Ashcroft*, 298 F.3d 886, 887 (9th Cir. 2002); *see also* 8 U.S.C. § 1252(a)(1) (referring to "[j]udicial review of a final order of removal"); § 1252(b)(9) (referring to "judicial review of a final order under this section"). The controlling question, then, is whether the BIA order challenged here, an interim order denying a stay of removal pending the BIA's disposition of Shaboyan's motion to reopen, is a "final order of removal" that may, without more, give rise to a petition for review. We conclude that it may not, but that it, like other interim BIA orders, may be reviewed only as part of a petition to review a "final order of removal" such as the denial of a motion to reopen.

The Immigration and Nationality Act (INA), which was amended in 1996 by the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), does not explicitly define the term "final order of removal." However, INA § 101(a)(47) does define the term "order of deportation" and establishes when such an order becomes final:

> (A) The term "order of deportation" means the order of the special inquiry officer, or other such administrative officer to whom the Attorney General has delegated the responsibility for determining

2

whether an alien is deportable, *concluding that the alien is deportable or ordering deportation*.

(B) The order described under subparagraph (A) shall become final upon the earlier of—

(i) a determination by the Board of Immigration Appeals affirming such order; or

(ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals.

8 U.S.C. § 1101(a)(47) (emphasis added).  Because IIRIRA eliminated the distinction between "exclusion" and "deportation" proceedings and replaced both with a single "removal" proceeding, *see, e.g.*, 8 U.S.C. §§ 1229–1229c, this provision also functionally defines a "final order of removal."  *Lolong v. Gonzales*, 484 F.3d 1173, 1177 n.2 (9th Cir. 2007) (en banc) (holding that in the context of INA § 101(a)(47), "the terms 'deportable' and 'deportation' can be used interchangeably with the terms 'removable' and 'removal,' respectively"); *Singh v. Gonzales*, 499 F.3d 969, 979 (9th Cir. 2007) (applying INA § 101(a)(47)(A) to define "order of removal").  The "special inquiry officer" referenced by this provision is an immigration judge presiding over removal proceedings.  *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 883 & n.7 (9th Cir. 2003) (citing 8 C.F.R. § 1.1(l)).

Under this definition, the BIA's interim order denying a stay of removal pending resolution of Shaboyan's motion to reopen cannot qualify as a "final order of removal." The order does not "conclud[e] that the alien is deportable," nor does it "order[] deportation." 8 U.S.C. § 1101(a)(47)(A). Moreover, the final order of removal in this case has already issued. The BIA's subsequent interim order denying a stay of removal would be considered a "final order of removal" only if it is so "inextricably linked" to the previous removal order that a grant of relief would render the original order invalid. *See Morales-Izquierdo v. DHS*, 600 F.3d 1076, 1082–83 (9th Cir. 2010). But that is not the case. Even if Shaboyan were granted the stay of removal, the order granting that stay would not attack the validity of the underlying removal order. *Dhangu v. INS*, 812 F.2d 455, 459 (9th Cir. 1987) ("The granting of a stay pending the BIA's consideration of the motion to reopen did not attack the deportation order itself, nor was it a determination on which the final order of deportation was contingent." (internal citation & quotations omitted)).

This is not to say that the BIA's order denying a stay of removal can never be reviewed by a court of appeals. The INA does not absolutely preclude review of such orders, it simply consolidates "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien

4

from the United States" into a single petition for review of a final order of removal. 8 U.S.C. § 1252(b)(9); *see also Singh*, 499 F.3d at 977–78 & n.11; *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 485 (1999) (holding that to the extent discretionary determinations like refusal to grant a stay are "reviewable at all, they at least will not be made the bases for separate rounds of judicial intervention outside the streamlined process that Congress has designed" (internal citations & quotations omitted)).  Thus, the BIA's order denying Shaboyan's request for a stay would still be reviewable as part of a petition for review stemming from a final order of removal.  *See Lopez-Ruiz*, 298 F.3d at 887 (observing that a petition for review of a final order of removal may seek review of "any ground which [the petitioner] has raised before the BIA before the final order of removal").  In the present case, however, the petitioner does not seek review of the BIA's denial of a stay as part of the review of a final order of removal; she seeks review of the denial of a stay as an independent matter.  For such review we lack jurisdiction.

All pending motions are denied as moot.  The temporary stay of removal will terminate upon issuance of the mandate.

**DISMISSED.**

5

**Counsel Listing**

Peter Singh, Peter Singh & Associates, P.C., Fresno, California, for the petitioner.

Mona Maria Yousif, Trial Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for the respondent.