NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 24 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| CANDIDA CECILIA SANCHEZ-DE CABEZA, | ) ) | No. 11-73998 |
| | ) | Agency No. A094-789-619 |
| Petitioner, | ) | |
| | ) | **MEMORANDUM**[*] |
| v. | ) | |
| | ) | |
| ERIC H. HOLDER, Jr., Attorney General, | ) ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| CANDIDA CECILIA SANCHEZ-DE CABEZA, | ) ) | No. 12-72805 |
| | ) | Agency No. A094-789-619 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC H. HOLDER, Jr., Attorney General, | ) ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted April 9, 2013
Pasadena, California

Before: FERNANDEZ, RAWLINSON, and BYBEE, Circuit Judges.

Candida Cecilia Sanchez-De Cabeza ("Sanchez") petitions for review of the Board of Immigration Appeals' (BIA) December 13, 2011, denial of her motion to reopen,[1] and of its November 17, 2008, rejection of her notice of appeal to it.[2] We dismiss her petition in the latter for lack of jurisdiction, and deny her petition in the former on the merits.

(1) We do not have jurisdiction over the BIA's notice of rejection of her first filing with it. That notice of appeal to the BIA was incomplete, and the BIA told Sanchez what was needed to effectively remedy the problem. The document in question was not a final order of removal. But our jurisdiction is limited to final orders of removal. See 8 U.S.C. § 1252(a)(1); Shaboyan v. Holder, 652 F.3d 988, 989–90 (9th Cir. 2011) (per curiam); Lolong v. Gonzales, 484 F.3d 1173, 1176 (9th Cir. 2007) (en banc). Indeed, it was not until May 11, 2009, that the BIA actually dismissed her appeal for lack of jurisdiction; she then petitioned for review of that action and we denied her petition on the basis that the BIA had

_____

[1]No. 11-73998.

[2]No. 12-72805.

2

"properly dismissed the appeal as untimely."  Therefore, we dismiss Appeal Number 12-72805 for lack of jurisdiction.

(2)    The BIA did not err when it denied her October 24, 2011, motion to reopen based upon the so-called place-of-filing rule on December 13, 2011.  See In re Lopez, 22 I. & N. Dec. 16, 16–17 (BIA 1998); In re Mladineo, 14 I. & N. Dec. 591, 592 (BIA 1974).  Under that rule, where the decision that an alien seeks to reopen[3] (here the decision of May 11, 2009) was a decision where the BIA dismissed an appeal due to untimeliness, a later motion to reopen will be considered only if it seeks to attack the prior decision itself.  A motion to reopen[4] on other grounds must be presented to the Immigration Judge (IJ) who never lost and continues to have jurisdiction over the case.  In other words, the right to file a motion to reopen is not denied; it simply must be filed in the correct forum.  That, surely, is a permissible construction of the regulations, and is entitled to deference. See INS v. Ventura, 537 U.S. 12, 16–17, 123 S. Ct. 353, 355–56, 154 L. Ed. 2d 272 (2002); Christensen v. Harris Cnty., 529 U.S. 576, 587–88, 120 S. Ct. 1655, 1663, 146 L. Ed. 2d 621 (2000); Auer v. Robbins, 519 U.S. 452, 461, 117 S. Ct. 905, 911, 137 L. Ed. 2d 79 (1997); Chevron, U.S.A., Inc. v. Natural Res. Def.

---

[3]See 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(a).

[4]See 8 C.F.R. § 1003.23(b).

3

Council, Inc., 467 U.S. 837, 842–44, 104 S. Ct. 2778, 2781–82, 81 L. Ed. 2d 694 (1984). The BIA properly determined that Sanchez's motion to reopen did not, actually, seek to reopen its own prior decision. In so deciding, the BIA did not err in any meaningful sense.[5] Of course, as the BIA explained in its decision of May 11, 2009, and again when it denied her motion to reopen, she should file her motion with the IJ.

Petition in Number 11-73998 DENIED; petition in Number 12-72805 DISMISSED.

---

[5]We do acknowledge that the use of the word "jurisdiction" was infelicitous in light of our, and the Supreme Court's, admonition that the word has often been used improperly and should not be used where the provision being considered is really a claims processing — rather than a true jurisdictional — rule. See Irigoyen-Briones v. Holder, 644 F.3d 943, 947–49 (9th Cir. 2011); see also Arbaugh v. Y & H Corp., 546 U.S. 500, 510, 514–16, 126 S. Ct. 1235, 1242, 1245, 163 L. Ed. 2d 1097 (2006); Kontrick v. Ryan, 540 U.S. 443, 452–56, 124 S. Ct. 906, 914–16, 157 L. Ed. 2d 867 (2004). However, that does not affect the basic fact that the proper place to have filed was with the IJ.