ALD-027                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2039
_____

RAMON ANTONIO MOTA,
a/k/a Ramon Mota,
a/k/a Ramon Antonio Mota De Los Santos,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a Decision of the Board of Immigration Appeals
(Agency No. A042-086-408)
Immigration Judge: Walter Durling

_____

Submitted on Respondent's Motion to Dismiss, in Part,
and Summarily Deny the Remainder of Petition for Review
October 29, 2015
Before:  AMBRO, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: November 2, 2015)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Petitioner, Ramon Mota, is a citizen of the Dominican Republic who entered the United States in 1989 as a lawful permanent resident. On September 24, 2013, an Immigration Judge ("IJ") found him removable under Immigration & Nationality Act ("INA") § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien who has been convicted of an aggravated felony as defined in INA § 101(a)(43)(B), 8 U.S.C. 1101(a)(43)(B) (illicit trafficking in a controlled substance, including a drug trafficking crime), and INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), as an alien who has been convicted of a controlled substance offense. Approximately eleven months later, on September 22, 2014, Mota filed an administrative appeal challenging the IJ's decision. The Board of Immigration Appeals ("BIA") dismissed the appeal as untimely on October 7, 2014.

On January 28, 2015, Mota filed with the BIA a "motion to reopen and remand and motion for stay of deportation." In the motion, Mota did not address the untimeliness of his administrative appeal or present new facts material to the removal determination; rather, he argued that his criminal defense attorney had failed to inform him of the immigration consequences of a guilty plea. The BIA construed Mota's filing as a motion for reconsideration and, by order entered March 11, 2015, denied it as untimely. On April 9, 2015, Mota filed a petition for review with this Court.[1]

---

[1] Mota initially filed his petition for review in the Second Circuit, but the Court of Appeals transferred the case to this Court. See 8 U.S.C. § 1252(b)(2) ("The petition for review shall be filed with the court of appeals for the judicial circuit in which the

2

The government now moves to: (1) dismiss the petition to the extent Mota seeks review of the BIA's October 7, 2014 order; and (2) summarily deny it to the extent he seeks review of the BIA's March 11, 2015 order. We will grant the government's motion.

First, as the government correctly contends, we lack jurisdiction to review the BIA's October 7, 2014 decision because Mota's petition for review, filed in April 2015, was untimely with respect to that decision. See 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); Vakker v. Att'y Gen., 519 F.3d 143, 146 (3d Cir. 2008) (stating that this statutory time limit is a jurisdictional requirement); McAllister v. Att'y Gen., 444 F.3d 178, 185 (3d Cir. 2006) (same). Therefore, we will grant the government's motion to partially dismiss the petition for review for lack of jurisdiction.

Second, while Mota's petition for review was timely with respect to the BIA's March 11, 2015 order denying reconsideration, see 8 U.S.C. § 1252(b)(1), the petition presents no substantial question with respect to that order, see 3d Cir. L.A.R. 27.4; I.O.P. 10.6, as the BIA did not abuse its discretion here. See Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006) (explaining that we review the BIA's decision to deny reconsideration for abuse of discretion and will not disturb it unless it is "arbitrary, irrational, or contrary to law.").

immigration judge completed the proceedings."). This Court denied Mota's motion for a stay of removal on July 28, 2015.

3

As the Board explained, Mota was required to file his motion to reconsider "within 30 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(6)(B). Because a final order of removal was entered in Mota's case on October 7, 2014, his motion to reconsider, filed on January 28, 2015, was untimely. Although Mota argues on appeal that the Board violated his due process rights by denying his motion without reviewing the full record of the removal hearing, the Board was clearly within its discretion to deny the motion on a statutorily prescribed procedural ground without reaching its merits. Furthermore, even if the Board had reached the merits, it would not have been permitted to consider anything other than its preceding untimeliness determination.[2] See In re: Lopez, 22 I. & N. Dec. 16, 17 (BIA 1998) (explaining that when the BIA dismisses an administrative appeal for lack of jurisdiction, the only subsequent motion it may consider is a motion seeking reconsideration of its untimeliness determination).

Accordingly, we will grant the government's motion to dismiss the petition for review to the extent it challenges the BIA's October 7, 2014 decision. To the extent the

---

[2] Mota appears to believe that the BIA construed his motion as one seeking reopening rather than reconsideration. (Br. 12-13) (noting that the BIA denied his motion as untimely pursuant to 8 C.F.R. § 1003.2(c)(1), which provides a 90-day period for reopening.) The BIA explicitly stated, however, that it construed the filing as a motion to reconsider, and explicitly relied on INA § 240(c)(6)(B) and 8 C.F.R. § 1003.2(b)(2) in finding it untimely. In any event, as discussed above, the BIA would have lacked the authority to review a motion to reopen. See In re: Lopez, 22 I&N Dec. at 17. Further, in its order dismissing Mota's appeal, the BIA informed him that any motions to reopen his case should be filed with the Immigration Court. See 8 C.F.R. § 1003.23(b)(1)(ii) ("Motions to reopen or reconsider a decision of an Immigration Judge must be filed with the Immigration Court having administrative control over the Record of Proceeding.").

4

petition is within our jurisdiction, it presents no substantial question; we will therefore grant the government's motion to summarily deny the petition. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6; <u>Cradle v. U.S. ex rel. Miner</u>, 290 F.3d 536, 539 (3d Cir. 2002). The motion to supplement the record is denied as moot.