**Masum AHMED, Petitioner,**

v.

**Jefferson B. SESSIONS, III, U.S. Attorney General, Respondent.**

**No. 16-60830**

**Summary Calendar**

United States Court of Appeals, Fifth Circuit.

Filed February 21, 2018

Khagendra Gharti Chhetry, Esq., Counsel, Chhetry & Associates, P.C., New York, NY, for Petitioner

John Frederick Stanton, Office of Immigration Litigation, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent

Before JOLLY, JONES, and OWEN, Circuit Judges.

PER CURIAM: *

Masum Ahmed, a native and citizen of Bangladesh, has filed a petition for review of the denial of his motion to reopen by the Board of Immigration Appeals (BIA). He asserts that the BIA retained jurisdiction to consider his motion to reopen and that the BIA was obligated to consider his motion on the merits and issue a decision. Ahmed seeks to reopen the proceeding based on evidence of changed country conditions that could not have been presented at the previous hearing, including new incidents of escalating violence in Bangladesh and renewed threats of harm against his family.

This court reviews the denial of a motion to reopen under a highly deferential abuse of discretion standard. *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). This court will affirm the BIA's decision if the decision was not capricious, racially invidious, without evidentiary foundation, or arbitrary. *Id.* at 304.

The BIA determined that Ahmed was required to file his motion to reopen with the Immigration Judge (IJ), rather than the BIA. *See In re Lopez*, 22 I. & N. Dec. 16, 17 (BIA 1998); *In re Mladineo*, 14 I. &

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

N. Dec. 591, 592 (BIA 1974); 8 C.F.R. § 1003.2(c)(2). Ahmed does not identify any error in the BIA's determination based on *In re Lopez* and *In re Mladineo*. Accordingly, any such challenge is deemed abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Ahmed also argues that even though the BIA dismissed his appeal of the IJ's decision as untimely, the "BIA could not have divested itself of the jurisdiction for future motions" to reopen. Ahmed cites generally to cases in which other circuit courts have held that the 30-day period for filing a notice of appeal to the BIA and the 30-day period for filing a motion for reconsideration to the BIA are mandatory but are not jurisdictional.[1] The cases on which Ahmed relies do not address the issue of the BIA's jurisdiction over motions to reopen or the BIA's regulations concerning the proper place to file motions to reopen. Ahmed did not present any legal authority that supports his argument. Ahmed has not shown that the BIA abused its discretion when it denied his motion to reopen. *See Zhao*, 404 F.3d at 303.

PETITION DENIED.

1. *See, e.g., Irigoyen-Briones v. Holder*, 644 F.3d 943, 946-49 (9th Cir. 2011) (concerning 30-day period for filing motion for reconsideration).

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.