Sherpa v. Garland

BIA
A213 078 013

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand twenty-four.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> STEVEN J. MENASHI,
> ALISON J. NATHAN,
> *Circuit Judges.*

---

DAWA PHINJO SHERPA,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

21-6407
NAC

---

**FOR PETITIONER:**               Ramesh K. Shrestha, New York, NY.

**FOR RESPONDENT:**               Brian M. Boynton, Principal Deputy Assistant
                                  Attorney General; Jennifer P. Levings,
                                  Assistant Director; James A. Hurley,
                                  Attorney, Office of Immigration Litigation,
                                  United States Department of Justice,
                                  Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dawa Phinjo Sherpa, a native and citizen of Nepal, seeks review of a June 29, 2021 decision of the BIA denying his motions to reconsider its dismissal of his appeal as untimely and to reopen his removal proceedings. *In re Dawa Phinjo Sherpa*, No. A213 078 013 (B.I.A. June 29, 2021). We assume the parties' familiarity with the underlying facts and procedural history.

As an initial matter, we note that Sherpa has abandoned any challenge to the BIA's denial of his motion to reconsider by not addressing that ruling in his brief and thus we do not consider the BIA's decision as to that issue. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023). We review the BIA's denial of Sherpa's motion to reopen for abuse of discretion, though we review conclusions of law *de*

2

*novo.* *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006); *Jiang v. Garland*, 18 F.4th 730, 734 (2d Cir. 2021). "An abuse of discretion may be found . . . where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Just.*, 265 F.3d 83, 93 (2d Cir. 2001) (citations omitted).

We conclude that the BIA did not abuse its discretion when it denied Sherpa's motion to reopen. Whether framed as a jurisdictional rule or a claim-processing rule, the BIA followed its regulations and precedent to decline to rule on Sherpa's motion to reopen because it had not adjudicated the merits of his underlying appeal. *See* 8 C.F.R. § 1003.2(a); *Matter of Mladineo*, 14 I. & N. Dec. 591, 592 (B.I.A. 1974) ("Where, as here, dismissal by the Board was solely for lack of jurisdiction, so that [it] made no adjudication on the merits, the attempted appeal is nugatory and the decision of the immigration judge remains undisturbed. If thereafter a motion is made to reopen or reconsider that decision, there appears to be no reason why the immigration judge should not adjudicate it . . . ."); *see also In*

3

*re Lopez*, 22 I. & N. Dec. 16, 17 (B.I.A. 1998) ("[W]here the Board dismisses an appeal solely for lack of jurisdiction, without adjudication on the merits, . . . the Immigration Judge retains jurisdiction over any subsequent motion to reopen or reconsider."). Further, in summarily dismissing Sherpa's appeal, the BIA informed him that he should file any motion to reopen with the immigration court.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court