22-6567-ag
*Liang v. Bondi*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

      At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand twenty-five.

PRESENT:
> JOHN M. WALKER, JR.,
> PIERRE N. LEVAL,
> JOSEPH F. BIANCO,
>      *Circuit Judges*.

_____

LIPING LIANG,

      *Petitioner*,

     v.                                        22-6567-ag

PAMELA BONDI, UNITED STATES ATTORNEY
GENERAL,

      *Respondent*.

_____

FOR RESPONDENT:                  Anthony C. Payne, Assistant Director, Jeffrey R. Leist, Senior Litigation Counsel, Jessica D. Strokus, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, District of Columbia.

FOR PETITIONER:                   Troy Nader Moslemi, Esq., Flushing, New York.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review of the Board of Immigration Appeals' ("BIA") decision, entered on November 23, 2022, is **DENIED** in part and **DISMISSED** in part.

Petitioner Liping Liang seeks review of the BIA's denial of her motion to reconsider its August 5, 2022 order. *In re Liping Liang*, No. A216-498-967 (B.I.A. Nov. 23, 2022). The BIA's August 5, 2022 order denied Liang's motion to reconsider the BIA's March 24, 2022 order, which summarily dismissed as untimely Liang's appeal of an Immigration Judge's ("IJ") denial of her requests for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

"We review the denial of a motion to reconsider for abuse of discretion." *Shao v. Mukasey*, 546 F.3d 138, 173 (2d Cir. 2008). The BIA abuses its discretion if its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Zhao v. U.S. Dep't of Just.*, 265 F.3d 83, 93 (2d Cir. 2001) (citations omitted). To the extent that an appeal of the denial of a motion to reconsider challenges any underlying questions of law, this Court reviews those determinations *de novo*. *Luna v. Holder*, 637 F.3d 85, 90, 99 (2d Cir. 2011).

As an initial matter, it is well established that "[a] party may file only one motion to reconsider any given [BIA] decision and may not seek reconsideration of a decision denying a previous motion to reconsider." 8 C.F.R. § 1003.2(b)(2); *see* 8 U.S.C. § 1229a(c)(6)(A) ("The [party] may file one motion to reconsider a decision that the [party] is removable from the United States."). Here, Liang filed two "Motion[s] to Reconsider." After the BIA dismissed Liang's

2

appeal as untimely on March 24, 2022, Liang filed her first motion, which she captioned "Respondent's Motion to Reconsider The Decision of The Board of Immigration Appeals." The BIA treated this as a motion to reconsider and denied it on the merits on August 5, 2022. However, Liang now argues that this motion should have been treated as a motion to reopen, rather than a motion to reconsider. We are unpersuaded. Liang never appealed the BIA's order on the ground that it improperly adjudicated her first motion as a motion to reconsider, as opposed to a motion to reopen, or on any other ground. *See* 8 U.S.C. § 1252(b)(1) (requiring a petition for review of a BIA order to be filed within 30 days). Indeed, the only BIA order subject to the instant appeal is the November 22, 2023 order denying the second motion to reconsider. Thus, Liang's argument that the BIA's initial order improperly treated her first motion as a motion to reconsider is not properly before the Court. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam) (concluding that review of an initial BIA order affirming an IJ's denial of relief was precluded when petitioner did not appeal the BIA order, but did appeal the BIA's subsequent denial of a motion to reopen); *Zhao*, 265 F.3d at 89–90 (same).

Liang does not appear to challenge the BIA's treatment of her second motion as a motion to reconsider, rather than a motion to reopen. Nor could there be any basis for doing so. Unlike a motion to reconsider, a motion to reopen is used to introduce new, material facts that were previously "not available and could not have been discovered or presented at the [petitioner's] former hearing," which takes place before an IJ. 8 C.F.R. § 1003.2(c)(1). Thus, the purpose of a motion to reopen is to address "whether the [petitioner's] claims have been accorded a reasonable hearing" in the immigration court. *Kucana v. Holder*, 558 U.S. 233, 248 (2010). Here, Liang's second motion did not seek to introduce the type of evidence that an IJ would have considered in ruling on requests for asylum, withholding of removal, or CAT protection. Instead, the motion

3

asked the BIA to reconsider its own prior denial of Liang's first motion for reconsideration based, primarily, on an alleged "error of fact[] concerning the date of the mailing of the [immigration] judge's decision," which, Liang argued, affected the corresponding appeal deadline. Certified Administrative Record at 7; *see* 8 C.F.R. § 1003.2(b)(1) (stating that alleged "errors of fact" in BIA decisions should be raised through a motion to reconsider); *In re Lopez*, 22 I. & N. Dec. 16, 17 (B.I.A. 1998) (holding that, where the BIA dismisses an appeal as untimely, the proper means to challenge such determination is by a motion to reconsider). Therefore, because Liang's second motion clearly seeks "reconsideration of a decision denying a previous motion to reconsider," it is explicitly prohibited by regulation and number-barred. 8 C.F.R. § 1003.2(b)(2); *see* 8 U.S.C. § 1229a(c)(6)(A).

In the alternative, Liang argues that, even if her second motion to reconsider is number-barred, the BIA still erred by declining to exercise its discretionary authority to reconsider its August 5, 2022 order *sua sponte*. Liang makes this assertion even though the November 23, 2022 order concluded that the August order's alleged factual error regarding the mailing date was immaterial because Liang was personally served before that date. At any time, the BIA may "reconsider on its own motion any case in which it has rendered a decision." 8 C.F.R. § 1003.2(a). Because this power is "entirely discretionary," this Court generally lacks jurisdiction to review BIA decisions declining to exercise *sua sponte* authority. *Chen v. Garland*, 43 F.4th 244, 252 (2d Cir. 2022) (internal quotation marks and citation omitted). However, "where the Agency may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail, remand to the Agency for reconsideration in view of the correct law is appropriate." *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009).

4

Here, there is no indication that the BIA misperceived any law when it declined to exercise its *sua sponte* authority to grant Liang's second motion for reconsideration. At the time of the decision, BIA precedent held that "short delays by overnight delivery services" that result in the untimely filing of a notice of appeal are not exceptional circumstances allowing the BIA to certify an untimely appeal to be heard. *Matter of Liadov*, 23 I. & N. Dec. 990, 993 (B.I.A. 2006). Consistent with that holding, in its November 23, 2022 decision regarding the second motion for reconsideration, which is the subject of this appeal, the BIA stated, "the respondent does not persuade us of an exceptional circumstance to warrant our granting this number-barred motion to reconsider in the exercise of our sua sponte authority." Certified Administrative Record at 3.

We recognize the BIA later overruled what it had held in *Liadov*. In *Matter of Morales-Morales*, 28 I. & N. Dec. 714, 715–17 (B.I.A. 2023), the BIA held that equitable tolling may excuse the untimely filing of a notice of appeal on the basis of "extraordinary circumstances," including "where . . . a party uses a guaranteed delivery service, and the service fails to fulfill its guarantee." 28 I. & N. Dec. at 716–17. *Morales-Morales* was decided by the BIA on May 5, 2023, substantially prior to petitioner's filing of her brief in this court on July 31, 2023. Nonetheless, petitioner's brief did not call our attention to the BIA's change of position on the question or cite it in support of her contention that the circumstances that caused the lateness of her filing were "extraordinary." Having failed to argue based on the BIA's change of position in *Morales-Morales*, she forfeited that argument. *See Gross v. Rell*, 585 F.3d 72, 95 (2d Cir. 2009). Although we have discretion to consider forfeited arguments "if manifest injustice otherwise would result," *United States v. Allen*, 127 F.3d 260, 264 (2d Cir. 1997) (internal quotation marks omitted), we ordinarily do not consider forfeited arguments in cases where petitioners are represented by counsel. *See Ud. Din v. Garland*, 72 F.4th 411, 420 (2d Cir. 2023) ("The Ud Dins, however, also did not challenge the agency's

5

discretionary denial of adjustment in their counseled opening brief to this court; rather, they questioned that alternative ground for decision only in their reply brief. We generally deem such a belated argument waived.").

Furthermore, the question whether manifest injustice would result from our not considering the BIA's change of position in *Morales-Morales* depends in part on the strength of petitioner's claims. The information we have on the record strongly suggests that Petitioner's claim for relief is extremely weak. She claims a reasonable fear of persecution because she has become a Christian while living in the United States. However, so far as she has shown this Court, she suggests no reason why the authorities in China would be aware of her adoption of the Christian religion. In such circumstances we have affirmed numerous denials of similar relief. *See, e.g.*, *Meng Yuan Sun v. Whitaker*, 759 F. App'x 55, 58 (2d Cir. 2019) (affirming BIA's denial of application for religious asylum; noting applicant's "only evidence that Chinese authorities were aware of his religious activities was a letter from his mother, an interested witness unavailable for cross examination"); *Xiaocui Chen v. Garland*, 848 F. App'x 22, 24 (2d Cir. 2021) (affirming BIA's denial of application for religious asylum; noting "agency reasonably found that Chen failed to satisfy her burden of proof because her evidence that Chinese police were aware of her religious practice in the United States consisted of vague testimony and letters from friends and family members that were entitled to minimal weight, and her country conditions evidence did not reflect a pattern or practice of persecution of Christians in China").

In sum, the BIA did not, as Liang implies, incorrectly believe that it could "under *no* circumstances" grant Liang's motion. *Zhong Guang Sun v. U.S. Dep't of Just.*, 421 F.3d 105, 111 (2d Cir. 2005) (emphasis in original). Instead, we conclude that the BIA properly understood that exceptional circumstances could warrant the use of its *sua sponte* authority to reconsider the denial

6

of a prior motion to reconsider and determined under its precedent that the circumstances raised by Liang did not warrant the exercise of that authority. Accordingly, because the BIA did not misperceive the law, we lack jurisdiction to review its decision not to exercise its *sua sponte* authority to grant Liang's second motion for reconsideration.

<div align="center">*          *          *</div>

We have considered Liang's remaining arguments and conclude that they are without merit.[1] Accordingly, the petition for review of the BIA decision is **DENIED** in part and **DISMISSED** in remaining part for lack of jurisdiction as to the denial of *sua sponte* reconsideration.

<div style="margin-left:40%">
FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court
</div>

---

[1] To the extent Liang now challenges the BIA's original dismissal of her appeal because "the appeal deadline should have been equitably tolled," Petitioner's Br. at 15, that argument is also precluded. *See Kaur*, 413 F.3d at 233. Only Liang's second motion to reconsider is before the Court, and she did not raise an equitable tolling argument in that motion. Thus, any potential equitable tolling argument has been waived. *See Attipoe v. Barr*, 945 F.3d 76, 82 (2d Cir. 2019) (holding that the BIA must "consider the principles of equitable tolling when an untimely appeal is filed and the petitioner *raises the issue*" (emphasis added)); *Krishna v. Gonzales*, 139 F. App'x 355, 357 (2d Cir. 2005) (holding that petitioners waived the issue of equitably tolling the deadline for their motion to reopen by failing to raise it before the BIA).