**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SALVADOR MERINO,<br><br>        Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>        Respondent. | No.   14-73247<br><br>Agency No. A094-322-099<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 6, 2020[**]

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Salvador Merino, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider its order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for relief or to reopen proceedings to consider

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

additional evidence.  We have jurisdiction under 8 U.S.C. § 1252, and we dismiss in part and deny in part the petition.

To the extent Merino challenges the BIA's underlying dismissal order, we lack jurisdiction to review that decision because it was issued on June 19, 2014, and Merino did not file this petition for review until October 20, 2014.  *See Singh v. Lynch*, 835 F.3d 880, 882 (9th Cir. 2016) ("A petition for review must be filed not later than 30 days after the date of the final order of removal.  This deadline is mandatory and jurisdictional." (citation and quotation marks omitted)); *see also Stone v. INS*, 514 U.S. 386, 405 (1995) ("[A] deportation order is final, and reviewable, when issued.  Its finality is not affected by the subsequent filing of a motion to reconsider.").

The BIA did not abuse its discretion by denying Merino's motion to reconsider.  *See Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002).  Merino did not identify any errors of fact or law in the BIA's decision; instead, he reargued that the IJ should have granted relief or allowed him more time to gather evidence. *See* 8 C.F.R. § 1003.2(b)(1); *Ma v. Ashcroft*, 361 F.3d 553, 558 (9th Cir. 2004) ("A petitioner's motion to reconsider must identify a legal or factual error in the BIA's prior decision.").

The BIA did not abuse its discretion by denying Merion's motion to reopen. *See Cano-Merida*, 311 F.3d at 964.  Merino submitted a declaration from his

children corroborating his testimony about extortion by gang members, but did not show that the declaration could not have been obtained earlier or that it would have likely changed the outcome of his case. *See* 8 C.F.R. § 1003.2(c)(1); *Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (applicants "who seek to remand or reopen proceedings to pursue relief bear a 'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case" (quoting *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992))). The declaration does not show that Merino is a member of a particular social group; that the conduct he fears would be on account of that membership; or that he will more likely than not be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ( "An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

**PETITION DISMISSED in part and DENIED in part.**

14-73247