**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| SURINDER SINGH, *Petitioner*, | No. 12-74163 |
| v. | Agency No. A079-579-046 |
| LORETTA E. LYNCH, Attorney General, *Respondent*. | OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submission Deferred February 3, 2016
Resubmitted September 1, 2016[*]
Seattle, Washington

Filed September 1, 2016

Before: Alex Kozinski, Diarmuid F. O'Scannlain,
and Ronald M. Gould, Circuit Judges.

Per Curiam Opinion

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

# SUMMARY**

## Immigration

The panel held that it lacked jurisdiction to review a petition for review of a Board of Immigration Appeals' decision following remand to an immigration judge for voluntary departure advisals.

In petitioner's first appeal to the Board, the Board affirmed the IJ's denial of asylum, withholding of removal, and Convention Against Torture relief, but remanded to the IJ for voluntary departure advisals. Petitioner did not file a petition for review within 30 days of that Board decision.

On remand, the IJ again granted voluntary departure with an alternate order of removal. Petitioner again appealed the IJ's decision to the Board, but did not allege that the IJ had made errors of law or fact on remand. The Board summarily dismissed petitioner's second appeal, declined to reinstate voluntary departure, and ordered petitioner removed. Petitioner then filed a timely petition for review of that decision.

Applying *Rizo v. Lynch*, 810 F.3d 688 (9th Cir. 2016), the panel held that the Board's decision remanding for further proceedings as to voluntary departure did not affect the finality of an otherwise-final order of removal, and the IJ's decision as to the merits of petitioner's claims for relief became unreviewable upon expiration of the 30 day period to

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

petition for review to this court.  Because petitioner did not file a petition for review within that 30 day window, the panel held that it lacked jurisdiction over the petition.

## COUNSEL

Bart Klein, Law Offices of Bart Klein, Seattle, Washington, for Petitioner.

Edward E. Wiggers, Jennifer L. Lightbody and Patrick J. Glen, Senior Litigation Counsel; Donald E. Keener, Deputy Director; Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

PER CURIAM:

We must decide whether we have jurisdiction over a petition for review of a Board of Immigration Appeals decision remanding to the Immigration Judge solely for voluntary departure proceedings.

### I

On May 5, 2009, an Immigration Judge (IJ) denied Indian citizen Surinder Singh's applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  The IJ granted Singh voluntary departure with an alternate order of removal to India.  Singh appealed

the IJ's decision to the Board of Immigration Appeals (BIA). On June 22, 2011, the BIA affirmed the denial of asylum, withholding of removal, and CAT relief, but remanded the case to the IJ "to provide all advisals required upon granting voluntary departure."[1]  Singh did not file a petition to this court for review of the BIA order within 30 days of the June 2011 decision.

On remand, the IJ gave Singh the required advisals and again granted voluntary departure with an alternate order of removal to India.  Singh again appealed the IJ's decision to the BIA; he did not allege that the IJ had made errors of law or fact on remand.  On November 29, 2012, the BIA summarily dismissed Singh's second appeal, declined to reinstate voluntary departure, and ordered Singh removed to India pursuant to the IJ's alternate order.  On December 20, 2012, Singh timely filed this petition for review.

## II

Our jurisdiction to review a deportation decision is limited to a "final order of removal."   8 U.S.C. §§ 1252(a)(1), (b)(9); *Viloria v. Lynch*, 808 F.3d 764, 767 (9th Cir. 2015); *Alcala v. Holder*, 563 F.3d 1009, 1016 (9th Cir. 2009).  A petition for review "must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1); *Stone v. I.N.S.*, 514 U.S. 386, 405 (1995).  This deadline is "mandatory and jurisdictional."  *Magtanong v. Gonzales*, 494 F.3d 1190, 1191 (9th Cir. 2007) (per curiam).

---

[1] An IJ who grants voluntary departure is required to advise an alien that he must, within 30 days of filing an appeal with the BIA, submit sufficient proof that he has posted a voluntary departure bond with the Department of Homeland Security. *See* 8 C.F.R. § 1240.26(c)(3), (3)(ii).

"A mandatory and jurisdictional rule cannot be forfeited or waived, and courts lack the authority to create equitable exceptions to such a rule." *Id.* (citation omitted).

A

The text of the Immigration and Nationality Act (INA) "does not explicitly define the term 'final order of removal.'" *Shaboyan v. Holder*, 652 F.3d 988, 990 (9th Cir. 2011) (per curiam). However, INA § 101(a)(47), 8 U.S.C. § 1101(a)(47), "does define the term 'order of deportation' and establishes when such an order becomes final." *Shaboyan*, 652 F.3d at 990; *see* Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, § 440, 110 Stat. 1214.[2]

The INA defines the term "order of deportation" as "the order of the [IJ[3]] . . . concluding that the alien is deportable or ordering deportation." 8 U.S.C. § 1101(a)(47)(A).

---

[2] We have explained that, in this context, "the terms 'deportable' and 'deportation' can be used interchangeably with the terms 'removable' and 'removal,' respectively." *Lolong v. Gonzales*, 484 F.3d 1173, 1177 n.2 (9th Cir. 2007) (en banc); *see* Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, § 309(d)(2), 110 Stat. 3009 ("[A]ny reference in law to an order of removal shall be deemed to include a reference to an order of exclusion and deportation or an order of deportation.").

[3] The statute uses the term "special inquiry officer." 8 U.S.C. § 1101(a)(47)(A). Regulations "in effect at the time Congress passed 8 U.S.C. § 1101(a)(47) defined 'immigration judge' to mean a 'special inquiry officer and may be used interchangeably with the term special inquiry officer wherever it appears in this chapter.'" *Molina-Camacho v. Ashcroft*, 393 F.3d 937, 940 (9th Cir. 2004) (citing 8 C.F.R. § 1.1(*l*) (1996)), *overruled on other grounds by Lolong*, 484 F.3d 1175.

> The order described under subparagraph (A)
> shall become final upon the earlier of—
>
> (i) a determination by the Board of
> Immigration Appeals affirming such order; or
>
> (ii) the expiration of the period in which the
> alien is permitted to seek review of such order
> by the Board of Immigration Appeals.

*Id.* § 1101(a)(47)(B). The statute does not define "affirming such order."

When the BIA affirms in full the IJ's order of removal, that decision obviously constitutes "a determination by the [BIA] affirming such order," and is thus a final order of removal. *See Abdisalan v. Holder*, 774 F.3d 517, 521 (9th Cir. 2014) (en banc). However, when the BIA does not affirm in full, but rather affirms in part and remands, finality is less clear. In such a case, is the BIA "affirming" the IJ's order of removal? The statutory text does not provide a clear answer.

## B

This question is not one of first impression for our court. Under *Pinto v. Holder*, "the BIA's decision denying asylum, withholding of removal, and CAT protection but remanding to the IJ for voluntary departure proceedings is a final order of removal . . . and, effectively, the only order that we can

review." 648 F.3d 976, 980 (9th Cir. 2011).**[4]** Because the BIA's June 2011 decision remanding solely for voluntary departure proceedings is a "final order of removal," the IJ's order became unreviewable on July 23, 2011 upon expiration of the 30 day period to petition for review to this court. In light of *Pinto* and consistent with the Sixth and Tenth Circuits, we must conclude that we lack jurisdiction over Singh's current petition. *See Hih v. Lynch*, 812 F.3d 551, 554 (6th Cir. 2016); *Batubara v. Holder*, 733 F.3d 1040, 1042–43 (10th Cir. 2013).

---

**[4]** After *Pinto* was decided, an en banc panel of our court issued *Abdisalan. Abdisalan* concluded that, "[w]hen the BIA remands to the IJ for any reason, no final order of removal exists until all administrative proceedings have concluded." 774 F.3d at 526. However, we explicitly declined to address remands for voluntary departure and did not overrule *Pinto. See id.* at 526 n.8 ("Under the facts of this case, we need not revisit our rule that the BIA's decision is a final order of removal when it remands for consideration of voluntary departure but denies all other forms of relief.").

Recognizing that *Abdisalan*'s broadly stated conclusion created some tension with *Pinto*, we ordered supplemental briefing on whether *Pinto* should be overruled in light of the reasoning and holding of *Abdisalan*. While that briefing was pending, another three-judge panel decided *Rizo v. Lynch*, 810 F.3d 688 (9th Cir. 2016). *Rizo* concluded that "*Pinto* remains the law of the Circuit." *Id.* at 691. Consequently, the *Rizo* panel determined that a "BIA remand for further proceedings as to voluntary departure does not affect the finality of an otherwise-final order of removal." *Id.* at 692. We directed the parties to address *Rizo* in their supplemental briefs. Both the government and Singh argued that *Rizo* was wrongly decided. A judge requested a vote on whether to rehear *Rizo* en banc, but a majority of nonrecused active judges did not vote in favor of rehearing en banc. *Rizo* and *Pinto* thus remain law of the circuit, and our three-judge panel is bound to apply them faithfully.

Under the circumstances, Singh remains subject to immediate removal to India.

**DISMISSED.**