**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIO SALGUERO-ARELLANOS, | No. 15-71736 |
| Petitioner, | Agency No. A087-683-131 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2017**

Before:     SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Mario Salguero-Arellanos, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") May 8, 2015, order

dismissing his appeal from an immigration judge's ("IJ") September 26, 2013,

decision granting voluntary departure, and denying his motion to remand and

motion to reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for abuse of discretion the denial of a motion to remand, and review de novo questions of law. *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 921, 923 (9th Cir. 2007). We review for abuse of discretion the denial of a motion to reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not violate Salguero-Arellanos' due process rights in declining to hold an additional merits hearing, where the record does not show he requested a further hearing or presented additional evidence before the IJ in his remanded proceedings. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process challenge).

The BIA did not abuse its discretion in denying Salguero-Arellanos' motion to reconsider its earlier August 7, 2012, order as untimely, where Salguero-Arellanos did not file the motion within 30 days after the mailing of the BIA's 2012 order. *See* 8 C.F.R. § 1003.2(b)(2) (a motion to reconsider a decision must be filed with the BIA within 30 days after the mailing of the BIA decision).

Nor did the BIA did abuse its discretion in denying Salguero-Arellanos' motion to remand, where Salguero-Arellanos did not show that the new evidence he submitted would likely have changed the outcome of his case. *See Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (a motion to remand must show that

15-71736

"if proceedings were reopened, the new evidence would likely change the result in the case" (citation omitted)).

To the extent Salguero-Arellanos challenges the BIA's 2012 order dismissing his appeal from the IJ's denial of cancellation of removal, we lack jurisdiction to consider those contentions because this petition for review is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); *Singh v. Lynch*, 835 F.3d 880, 883 (9th Cir. 2016) (a BIA order denying an alien relief from removal but remanding the case to an IJ for voluntary departure proceedings is a final order of removal from which a timely petition for judicial review must be filed).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**