**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE DANIEL MAZARIEGOS PEREZ, | No.    14-71094 |
| Petitioner, | Agency No. A070-787-197 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2017**

Before:     SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Jose Daniel Mazariegos Perez, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's decision denying a continuance.  Our

jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of discretion the

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denial of a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Mazariegos Perez's request for a continuance, where he waited until his 2012 hearing to seek prosecutorial discretion, and it was speculative whether the Department of Homeland Security would exercise discretion. *See id.* (factors considered in determining whether the denial of a continuance constitutes an abuse of discretion include the nature of the evidence excluded and the reasonableness of the immigrant's conduct); *Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) (agency not required to grant a continuance based on speculation).

We lack jurisdiction to consider Mazariegos Perez's contentions regarding the denial of asylum and related relief in the BIA's September 22, 2011, order, where this petition is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); *Singh v. Lynch*, 835 F.3d 880, 883 (9th Cir. 2016) (a BIA order remanding solely for voluntary departure proceedings is a final order of removal); *Rizo v. Lynch*, 810 F.3d 688, 691 (9th Cir. 2016) (same).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**