**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADAN PEREZ-ZAZUETA, | No. 15-71952 |
| Petitioner, | Agency No. A200-569-599 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2018**
Pasadena, California

Before: BEA and MURGUIA, Circuit Judges, and BASTIAN,*** District Judge.

Adan Perez-Zazueta, a citizen of Mexico, petitions for review of the Board

of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Stanley Allen Bastian, United States District Judge for the Eastern District of Washington, sitting by designation.

("IJ") decision finding Perez-Zazueta ineligible for cancellation of removal under 8 U.S.C. § 1229b(1).

Reviewing de novo, *Abdisalan v. Holder*, 774 F.3d 517, 521 (9th Cir. 2014), *as amended* (Jan. 6, 2015), we conclude that we lack jurisdiction over Perez-Zazueta's petition for review. Perez-Zazueta failed to file a petition for review with this Court within 30 days of the IJ's final order of removal, as is required under 8 U.S.C. § 1252(b)(1). On May 6, 2014, the BIA affirmed the IJ's conclusion finding Perez-Zazueta removable as charged and ineligible for cancellation of removal, rendering the IJ's removal order "final" for the purposes of 8 U.S.C. § 1252(b)(1). *Ortiz-Alfaro v. Holder*, 694 F.3d 955, 958 (9th Cir. 2012) (discussing 8 U.S.C. § 1101(a)(47)). Perez-Zazueta filed his petition for review on June 25, 2015, well after the 30-day deadline had passed. Because Perez-Zazueta failed to adhere to the 30-day deadline for filing a petition for review, this Court lacks jurisdiction over the present appeal. *See Abdisalan*, 774 F.3d at 521 ("This time limit [under 8 U.S.C. § 1252(b)(1)] is 'mandatory and jurisdictional.'" (quoting *Stone v. I.N.S.*, 514 U.S. 386, 405 (1995))).

We find unconvincing Perez-Zazueta's argument that his removal order did not become final until the proceedings on remand were complete. The fact that the BIA remanded to the IJ for the limited purpose of granting a new period of voluntary departure does not alter the finality of the removal order. *See Pinto v.*

2

*Holder*, 648 F.3d 976, 980 (9th Cir. 2011) ("[T]he BIA's decision denying asylum, withholding of removal, and [Convention Against Torture] protection but remanding to the IJ for voluntary departure proceedings is a final order of removal . . . and, effectively, the only order that we can review."); *see also Singh v. Lynch*, 835 F.3d 880, 883 (9th Cir. 2016) (per curiam) (same); *Rizo v. Lynch*, 810 F.3d 688, 691 (9th Cir. 2016) (same).

Because we lack jurisdiction over the present appeal, we do not reach the merits of Perez-Zazueta's argument that his convictions for indecent exposure under Cal. Penal Code § 314(1) do not constitute crimes of moral turpitude.

**PETITION DENIED.**