**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



PEDRO BAUTISTA-VASQUEZ, AKA
Pedro Bautista, AKA Pedro
Bautistavasquez,

          Petitioner,

  v.

JEFFERSON B. SESSIONS III, Attorney
General,

          Respondent.

No.   16-72769

Agency No. A200-865-208

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018[**]

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Pedro Bautista-Vasquez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his request for a continuance. Our

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance and review de novo questions of law. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion or violate due process in denying Bautista-Vasquez's request for a continuance where he did not demonstrate good cause. *See* 8 C.F.R. § 1003.29; *Ahmed*, 569 F.3d at 1012 (factors considered in determining whether the denial of a continuance constitutes an abuse of discretion include the nature of the evidence excluded); *Carrillo-Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir. 2003) (statements by counsel are not evidence); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process challenge).

To the extent Bautista-Vasquez challenges the BIA's 2015 order dismissing his appeal from the IJ's denial of cancellation of removal, we lack jurisdiction to consider those contentions because this petition for review is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); *Singh v. Lynch*, 835 F.3d 880, 883 (9th Cir. 2016) (a BIA order denying an alien relief from removal but remanding the case to an IJ for voluntary departure proceedings is a final order of removal from which a timely petition for judicial review must be filed).

We do not consider the extra-record information discussed in Bautista-Vasquez's opening brief because the court's review is normally limited to the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A) (judicial review is limited to the administrative record); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record evidence).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**