**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FRANCISCO J. DAVILA CONTRERAS,

               Petitioner,

    v.

JEFFERSON B. SESSIONS III, Attorney
General,

               Respondent.

No. 14-70161

Agency No. A077-126-675

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 9, 2018
Pasadena, California

Before: BERZON and N.R. SMITH, Circuit Judges, and NYE,[**] District Judge.

Francisco J. Davila Contreras, native and citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals ("BIA"), which affirmed

an immigration judge's ("IJ") denial of his application for adjustment of status and

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The Honorable David C. Nye, United States District Judge for the
District of Idaho, sitting by designation.

cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252, and we dismiss the petition in part and grant the petition in part.

1. Davila Contreras failed to appeal the BIA's December 2011 decision in which the BIA remanded the matter to the IJ for voluntary departure advisals only. This failure ordinarily deprives us of jurisdiction of the issues in that decision. *See Singh v. Lynch*, 835 F.3d 880, 883 (9th Cir. 2016). However, the BIA chose to address the merits of issues that were, or could have been, raised in the first appeal during its review in this second appeal. *See* 8 C.F.R. § 1003.2(a). This review constitutes a new final order of removal over which we have jurisdiction. *See* 8 C.F.R. § 1241.1.

2. Davila Contreras asserts that the BIA erred in declining to permit him to withdraw his former counsel's concession of removability. However, Davila Contreras failed to make this request to the BIA. We therefore lack jurisdiction to address this issue. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004)

(holding that a petitioner who fails to raise an issue before the BIA has failed to exhaust his administrative remedies, which deprives this court of jurisdiction).[1]

3.　　The Federal First Offender Act ("FFOA") provides that a successfully expunged federal conviction "shall not be considered a conviction for the purpose of a disqualification or a disability imposed by law upon conviction of a crime, or for any other purpose." 18 U.S.C. § 3607(b). Prior to *Nunez-Reyes v. Holder*, FFOA relief was available to aliens whose state conviction was equivalent to or less than simple possession.[2] *See* 646 F.3d 684, 695 (9th Cir. 2011) (en banc). Thus, the critical question is "what [Davila Contreras] did." *Lujan-Armendariz v. INS*, 222 F.3d 728, 738 n.18 (9th Cir. 2000), *overruled prospectively by Nunez-Reyes*, 646 F.3d 684.

---

[1] Even if the issue were exhausted, Davila Contreras asserts that former counsel's admissions "were the result of unreasonable professional judgment." *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 830 (9th Cir. 2011). We have equated "unreasonable professional judgment" with "ineffective assistance of counsel." *Id.* Here, Davila Contreras has failed to present evidence that demonstrates such ineffectiveness.

[2] *Lujan-Armendariz v. INS*, 222 F.3d 728 (9th Cir. 2000), held that eligibility for FFOA relief should be "extended to aliens whose offenses are expunged under state rehabilitative laws, provided that they would have been eligible for relief under the [FFOA] had their offenses been prosecuted as federal crimes." *Id.* at 749.

Here, the BIA concluded that (1) Davila Contreras's counsel admitted the conviction was for the sale of a controlled substance, and (2) none of the crimes proscribed under California Health & Safety Code § 11352 were equivalent to simple possession. We disagree. Section 11352 is a divisible statute. *United States v. Martinez-Lopez*, 864 F.3d 1034, 1040-41 (9th Cir. 2017). In 1988, California Health & Safety Code § 11352 (1975) permitted a conviction for both transport of a controlled substance for personal use and transport of a controlled substance for sale. *See United States v. Rosales-Aguilar*, 818 F.3d 965, 973 (9th Cir. 2016) (citing *People v. Cortez*, 212 Cal. Rptr. 692, 693 (Cal. Ct. App. 1985)). It therefore encompassed conduct that would be considered "simple possession" within the meaning of the FFOA, such as crossing the street while possessing a controlled substance so as to use it across the street. If Davila Contreras were convicted of transporting a controlled substance for personal use, he could "have been eligible for [FFOA] relief . . . had [his] offense[] been prosecuted as [a] federal crime[]." *See Lujan-Armendariz*, 222 F.3d at 749.

Davila Contreras's counsel only admitted a conviction under section 11352. Thus, the admission did not constitute a concession to the crime of sale of a controlled substance. We therefore remand for further proceedings on an open record (1) to determine to which of the two crimes—transport for personal use or

4

for sale—Davila Contreras pleaded guilty; and (2) whether he possessed controlled substances in amounts equivalent to "simple possession." Because under *Lujan-Armendariz* we do not apply a categorical approach in determining whether a state crime is equivalent to or lesser than simple possession, the agency may look outside of traditional *Shepard* documents. *Cf. Ramirez-Altamirano v. Holder*, 563 F.3d 800, 808-09 (9th Cir. 2009) (holding that possession of drug paraphernalia is lesser than simple possession), *overruled prospectively by Nunez-Reyes*, 646 F.3d 684.

We **GRANT** the petition as to the FFOA claim and otherwise **DISMISS** the petition for review. We **VACATE** the BIA's decision and **REMAND** to the BIA for reconsideration consistent with this disposition. The parties shall bear their own costs on appeal.