**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OTTO ANAEL PEREZ CASTILLO, Petitioner, v. MATTHEW G. WHITAKER, Acting Attorney General, Respondent. | No. 14-73017 Agency No. A070-069-532 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 18, 2019
San Francisco, California

Before: WALLACE, CLIFTON, and FRIEDLAND, Circuit Judges.

Petitioner Otto Anael Perez Castillo petitions for review of a decision by the

Board of Immigration Appeals ("BIA") denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

("CAT"). Respondent argues that we must dismiss for lack of jurisdiction. We

hold that we lack jurisdiction over Perez Castillo's petition.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

"[W]hether we have jurisdiction is a purely legal question, which we determine de novo." *Abdisalan v. Holder*, 774 F.3d 517, 521 (9th Cir. 2014), *as amended* (Jan. 6, 2015) (en banc). We have "jurisdiction to review 'a final order of removal.'" *Id.* at 523 (quoting 8 U.S.C. § 1252(a)(1)). A petition for review of an order of removal "must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). "This time limit is 'mandatory and jurisdictional.'" *Abdisalan*, 774 F.3d at 521 (quoting *Stone v. INS*, 514 U.S. 386, 405 (1995)).

In *Pinto v. Holder*, 648 F.3d 976, 980 (9th Cir. 2011), we held that a BIA decision affirming a finding of removability that remands to the IJ only "to consider [the petitioner's] eligibility for voluntary departure" was a final order of removal from which a petition for review could be brought and was, "effectively, the only order that we [could] review." *Id.* In *Singh v. Lynch*, 835 F.3d 880, 883 (9th Cir. 2016), we applied *Pinto* and held that because a BIA decision remanding solely for voluntary departure proceedings was a final order of removal, it started the clock for appeal purposes. We therefore dismissed as untimely a petition filed more than 30 days after that BIA order. *Id.*

Here, Perez Castillo did not file his petition for review within 30 days of the BIA's decision affirming the IJ's denial of his claims for asylum, withholding, and CAT protection, which remanded *only* on voluntary departure. Under *Singh*, his

2

petition is untimely,[1] and we therefore lack jurisdiction over Perez Castillo's petition for review.

       **DISMISSED.**

---

[1] In light of *Pinto*, which involved a remand to consider a petitioner's eligibility for voluntary departure, *see Pinto*, 648 F.3d at 980, we decline to distinguish *Singh* on the grounds that *Singh* involved only a remand for *advisals* on voluntary departure, rather than other voluntary departure proceedings, as Petitioner urges. *See Singh*, 835 F.3d at 881-82; *see also Abdisalan*, 774 F.3d at 526 n.8 ("[W]e need not revisit our rule that the BIA's decision is a final order of removal when it remands for consideration of voluntary departure but denies all other forms of relief.").