NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA LUCIA DE LA O-HERNANDEZ, | No. 15-70008 |
| Petitioner, | Agency No. A201-231-840 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2020[**]

Before:  TROTT, SILVERMAN, and N.R. SMITH, Circuit Judges.

Maria Lucia De La O-Hernandez, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reconsider its order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for relief.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider or reopen. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's underlying dismissal order because it was issued on July 3, 2014, and De La O-Hernandez did not file this petition for review until January 2, 2015. *See Singh v. Lynch*, 835 F.3d 880, 882 (9th Cir. 2016) ("A petition for review must be filed not later than 30 days after the date of the final order of removal. This deadline is mandatory and jurisdictional.") (citation and internal quotation marks omitted); *Stone v. INS*, 514 U.S. 386, 405 (1995) ("[A] deportation order is final, and reviewable, when issued. Its finality is not affected by the subsequent filing of a motion to reconsider.").

The BIA did not abuse its discretion by denying De La O-Hernandez's motion to reconsider because, as the agency noted, she did not identify any errors of fact or law in the BIA's decision. 8 C.F.R. § 1003.2(b)(1); *Ma v. Ashcroft*, 361 F.3d 553, 558 (9th Cir. 2004) ("A petitioner's motion to reconsider must identify a legal or factual error in the BIA's prior decision."); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no

nexus to a protected ground"); *Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009) (stating the requirements for establishing eligibility for CAT protection).

To the extent that the motion to reconsider could be construed as a motion to reopen, the denial of the motion was not an abuse of discretion because, as the agency also noted, De La O-Hernandez did not introduce new evidence that could not have been obtained earlier and that would likely have changed the outcome of her case. 8 C.F.R. § 1003.2(c)(1); *Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) ("Aliens who seek to remand or reopen proceedings to pursue relief bear a 'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case.") (quoting *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992)).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**