**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BELLA IRIDE DURAN; et al., | No.   19-71833 |
| Petitioners, | Agency Nos.    A206-717-351 |
| v. | A206-717-352 |
| | A206-717-353 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2021**

Before:     GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Bella Iride Duran and her two children, natives and citizens of El Salvador,

petition for review of the Board of Immigration Appeals' ("BIA") order denying

their motion to reconsider.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

review for abuse of discretion the BIA's denial of a motion to reconsider.  *Ayala v.*

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Sessions*, 855 F.3d 1012, 1020 (9th Cir. 2017). We dismiss in part and deny in part the petition for review.

To the extent petitioners challenge the BIA's underlying dismissal order, we lack jurisdiction to review that decision because it was issued on November 2, 2018, and Petitioners did not file this petition for review until July 22, 2019. *See Singh v. Lynch*, 835 F.3d 880, 882 (9th Cir. 2016) ("A petition for review must be filed not later than 30 days after the date of the final order of removal. This deadline is mandatory and jurisdictional." (internal citation and quotation marks omitted)).

The BIA did not abuse its discretion in denying petitioners' motion to reconsider, where they did not allege factual or legal error in the underlying BIA decision denying their application for relief from removal. 8 U.S.C. § 1229a(c)(6)(C) (motions to reconsider "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority"); *see Socop-Gonzalez v. INS*, 272 F.3d 1176, 1180 n.2 (9th Cir. 2001) (en banc) (noting that the purpose of a motion to reconsider is not to present new evidence but to demonstrate that the agency erred as a matter of law or fact), *overruled on other grounds by Smith v. Davis*, 953 F.3d 582 (9th Cir. 2020) (en banc).

We lack jurisdiction to review the BIA's denial of sua sponte reopening or reconsideration, where petitioners have not raised a legal or constitutional error.

19-71833

*See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.")

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (Docket Entry No. 1) is otherwise denied.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**