**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

ALBERTINA GONZALEZ-GONZALEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 15-70624

Agency No. A098-652-147

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 30, 2021[**]

Before: GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Albertina Gonzalez-Gonzalez, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order denying her

motion to reopen proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252.

We review for abuse of discretion the denial of a motion to reopen. *Cano-Merida*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We dismiss in part and deny in part the petition for review.

We previously concluded that the BIA did not abuse its discretion in denying Gonzalez-Gonzalez's motion to reconsider; that she had not raised a colorable due process claim; and that we lack jurisdiction to consider her contention that her case warrants a favorable exercise of jurisdiction. *See Gonzalez-Gonzalez v. Holder*, 540 F. App'x 663, 663 (9th Cir. 2013).

To the extent that Gonzalez-Gonzalez now challenges the agency's decision as to the merits of her application for asylum and other relief from removal, we lack jurisdiction to review that decision because it was issued in February 2011, and Gonzalez-Gonzalez did not file this petition for review until February 2015. *See Singh v. Lynch*, 835 F.3d 880, 882 (9th Cir. 2016) ("A petition for review must be filed not later than 30 days after the date of the final order of removal. This deadline is mandatory and jurisdictional.") (citation and internal quotation marks omitted).

The BIA did not abuse its discretion by denying Gonzalez-Gonzalez's motion to reopen. As the BIA concluded, she did not introduce new evidence that would likely have changed the outcome of her case. 8 C.F.R. § 1003.2(c)(1); *Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) ("Aliens who seek to remand or reopen proceedings to pursue relief bear a 'heavy burden' of proving that, if

proceedings were reopened, the new evidence would likely change the result in the case.") (quoting *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992)).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**