NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KAYSHA DERY RICHARDSON, | No. 21-15402 |
| Petitioner-Appellant, | D.C. No. 2:20-cv-02218-JAD-DJA |
| v. | |
| ATTORNEY GENERAL, United States; et al., | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted May 18, 2021**

Before: CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Kaysha Dery Richardson appeals pro se from the district court's order dismissing her 28 U.S.C. § 2241 habeas corpus petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review de novo, *Zavala v. Ives*, 785 F.3d 367, 370 (9th Cir. 2015), and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court did not err in dismissing without prejudice Richardson's habeas petition, where she failed to exhaust administrative remedies concerning her detention, *see Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (dismissal without prejudice is proper where petitioner fails to exhaust administrative remedies), and the court lacked jurisdiction to review her removal order or claims for relief from removal, *see Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (REAL ID Act "eliminated habeas jurisdiction, including jurisdiction under 28 U.S.C. § 2241, over final orders of deportation, exclusion, or removal"); *see also* 8 U.S.C. § 1252(a)(5) (notwithstanding § 2241 or any other habeas provision, "a petition for review filed with an appropriate court of appeals … shall be the sole and exclusive means for judicial review of an order of removal").

To the extent Richardson, in her opening brief, raises a request for a bond hearing, the request is denied. *See Leonardo*, 646 F.3d at 1160 (eligible detainees may seek a bond hearing from an immigration judge, appeal to the Board of Immigration Appeals, and then seek review of the determination by filing a habeas corpus petition in district court).

We lack jurisdiction to consider any challenge to Richardson's removability, including any re-entry bans, because Richardson has not petitioned for review of any agency decision. *See Singh v. Lynch*, 835 F.3d 880, 882 (9th Cir. 2016) (no

21-15402

jurisdiction to review a deportation decision where petitioner failed to timely petition for review of a final order of removal).

Richardson's request for judicial notice, raised in her opening brief, is granted.  *See Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (courts may take "judicial notice of the agency's own records.").

**AFFIRMED.**