NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 3 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISMAEL LOPEZ-LOPEZ, | No. 19-72118 |
| Petitioner, | Agency No. A206-406-643 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2021**

Before: SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Ismael Lopez-Lopez, native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals ("BIA") order denying his motion to reconsider.

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of

discretion the BIA's denial of a motion to reconsider. *Ayala v. Sessions*, 855 F.3d

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1012, 1020 (9th Cir. 2017). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We dismiss in part and deny in part the petition for review.

To the extent Lopez-Lopez challenges the BIA's underlying dismissal order, we lack jurisdiction to review that decision because it was issued on April 5, 2019, and Lopez-Lopez did not file this petition for review until August 21, 2019. *See Singh v. Lynch*, 835 F.3d 880, 882 (9th Cir. 2016) ("A petition for review must be filed not later than 30 days after the date of the final order of removal . . . This deadline is mandatory and jurisdictional." (internal citations and quotation marks omitted)).

The BIA did not abuse its discretion in denying Lopez-Lopez's motion to reconsider, where he did not allege error in the underlying BIA decision denying his application for relief from removal and, as to his contention that his right to due process was violated, he did not establish prejudice. 8 U.S.C. § 1229a(c)(6)(C) (motions to reconsider "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority"); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**