**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YANELY ALEXANDRA RIVAS, | No.    20-71200 |
| Petitioner, | Agency Nos.    A216-607-174 |
| v. | A216-607-175 |
| | A216-607-176 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2021**

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

Yanely Alexandra Rivas [1] and her daughters, natives and citizens of El

Salvador, petition pro se for review of the Board of Immigration Appeals' ("BIA")

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1]        Although petitioner's name appears as "Yanely Alexandra Rivas" in the Petition for Review and Answering Brief, it appears as "Yaneli Alexandra Rivas" in the agency decisions and Notice to Appear, and both spellings appear in the Opening Brief.

order denying their motion to reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reconsider. *Ayala v. Sessions*, 855 F.3d 1012, 1020 (9th Cir. 2017). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reconsider where they failed to identify any error of law or fact in the BIA's prior decision. *See* 8 C.F.R. § 1003.2(b)(1); *Ma v. Ashcroft*, 361 F.3d 553, 558 (9th Cir. 2004) ("A petitioner's motion to reconsider must identify a legal or factual error in the BIA's prior decision.").

To the extent petitioners challenge the BIA's underlying dismissal order, we lack jurisdiction to review that decision because it was issued on November 29, 2019, and petitioners did not file this petition for review until April 27, 2020. *See Singh v. Lynch*, 835 F.3d 880, 882 (9th Cir. 2016) ("A petition for review must be filed not later than 30 days after the date of the final order of removal. . . . This deadline is mandatory and jurisdictional." (internal citations and quotation marks omitted)).

Petitioners' contentions that the agency violated their right to due process fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to

prevail on a due process claim).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**