**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE OSMIN MARTINEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    16-73046

Agency No. A073-916-149

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2021[**]

Before:    TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Jose Osmin Martinez, a native and citizen of El Salvador, petitions for
review of the Board of Immigration Appeals' ("BIA") order denying his motion to
reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We
review for abuse of discretion the BIA's denial of a motion to reopen. *Bonilla v.*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying as untimely Martinez's motion to reopen proceedings as to his application for cancellation of removal where it was filed more than three years after the order of removal became final and he did not establish a statutory or regulatory exception to the time limitation or that equitable tolling is warranted. *See* 8 U.S.C. § 1229a(c)(7)(C)(i)-(ii) (providing an exception to the ninety-day deadline for asylum and withholding of removal claims); 8 C.F.R. § 1003.2(c)(3) (same); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (listing factors relevant to the inquiry of whether due diligence is demonstrated as required for equitable tolling).

The BIA also did not abuse its discretion in denying as untimely Martinez's motion to reopen to apply for asylum and related relief based on changed country conditions where he failed to establish prima facie eligibility for the relief sought. *See* 8 C.F.R. § 1003.2(c)(2), (3)(ii); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228 (9th Cir. 2016) (the BIA may deny a motion to reopen for failure to establish prima facie eligibility for the relief sought).

We reject as unsupported by the record Martinez's contentions that the BIA failed to consider evidence, failed to sufficiently explain its decision, applied an incorrect standard, or otherwise erred in its analysis of his motion.

We lack jurisdiction to review the agency's decision not to reopen removal proceedings sua sponte where Martinez does not raise a colorable legal or constitutional error to invoke our jurisdiction. *See Bonilla*, 840 F.3d at 588 ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.")

Finally, we lack jurisdiction to address Martinez's contentions concerning alleged defects in his prior proceedings before the immigration judge. *See Singh v. Lynch*, 835 F.3d 880, 882 (9th Cir. 2016) ("A petition for review must be filed not later than 30 days after the date of the final order of removal. This deadline is mandatory and jurisdictional." (citation and internal quotation marks omitted)).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.