**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCO MONTOYA-HERNANDEZ, | No.   16-70800 |
| Petitioner, | Agency No. A095-697-941 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2022**

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Marco Montoya-Hernandez, a native and citizen of Peru, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

review for abuse of discretion the BIA's denial of a motion to reopen.  *Najmabadi*

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We review de novo questions of law. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Montoya-Hernandez's motion to reopen as untimely, where it was filed more than nine months after the order of removal became final, *see* 8 C.F.R. § 1003.2(c)(2), and where Montoya-Hernandez did not establish changed country conditions in Peru that are material to his claim for relief, *see id.* § 1003.2(c)(3)(ii) (material evidence of changed circumstances is required to qualify for an exception to the time and numerical limitations for motions to reopen); *Najmabadi*, 597 F.3d at 987-90 (evidence must be "qualitatively different" to warrant reopening).

To the extent Montoya-Hernandez contends he is eligible for cancellation of removal, we lack jurisdiction to consider this contention because it was not raised in his motion to reopen to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Additionally, to the extent Montoya-Hernandez challenges the BIA's underlying dismissal order, we lack jurisdiction to review that decision because it was issued on April 2, 2015, and Montoya-Hernandez did not file this petition for

review until March 24, 2016.[1]  *See Singh v. Lynch*, 835 F.3d 880, 882 (9th Cir. 2016) ("A petition for review must be filed not later than 30 days after the date of the final order of removal. . . . This deadline is mandatory and jurisdictional." (internal citations and quotation marks omitted)).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

[1] This court denied Montoya-Hernandez's timely petition for review of the BIA's underlying dismissal order on December 14, 2015.  *See Montoya-Hernandez v. Lynch*, 624 F. App'x 566 (9th Cir. 2015).

16-70800