NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AGUILEO PEREZ-SILVA, AKA Aquileo
Perez Silva,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-71413

Agency No. A073-854-506

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2023**

Before:    FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Aguileo Perez-Silva, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for

cancellation of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Perez-Silva's contention that the agency erred in its October 31, 2017, denial of cancellation of removal, where this petition for review is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); *Singh v. Lynch*, 835 F.3d 880, 883 (9th Cir. 2016) (a BIA order denying relief from removal, but remanding for voluntary departure proceedings, is a final order of removal).

In his opening brief, Perez-Silva does not raise, and therefore forfeits, any challenge to the BIA's April 21, 2020, determination that he waived the opportunity to request further consideration of cancellation of removal before the IJ. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

To the extent Perez-Silva contends the IJ violated his right to due process and that he is eligible for asylum, we lack jurisdiction to review these claims because he did not exhaust them before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**