**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 8 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO CHAJ-CHAVEZ, | No. 21-7 |
| Petitioner, | Agency No.     A200-157-965 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 7, 2023[**]
Pasadena, California

Before: CALLAHAN, FORREST, and H.A. THOMAS, Circuit Judges.

Francisco Chaj-Chavez petitions for review of an order issued by the

Board of Immigration Appeals (BIA). We lack jurisdiction to review the issues

presented in Chaj-Chavez's opening brief. We therefore dismiss the petition for

review.

On August 24, 2017, an immigration judge (IJ) denied Chaj-Chavez's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

applications for withholding of removal and protection under the Convention Against Torture (CAT). In an order issued on May 22, 2018, the BIA summarily dismissed Chaj-Chavez's appeal of the IJ's denial of relief. But in the same order, the BIA remanded for the IJ to give Chaj-Chavez the advisals required for a grant of voluntary departure.

Chaj-Chavez did not petition for review of the BIA's May 2018 order. Instead, Chaj-Chavez returned to the IJ, who denied his request for voluntary departure and further denied his motion to terminate the removal proceedings. Chaj-Chavez appealed. The BIA upheld the IJ's rulings on voluntary departure and the motion to terminate in an order issued on April 16, 2021.

Chaj-Chavez petitioned for review of the BIA's April 2021 order. But his opening brief does not address the issues that were the subject of that order: the denial of voluntary departure and the motion to terminate. Instead, he argues that he was entitled to withholding of removal and protection under the CAT—i.e., the issues that were resolved in the BIA's earlier May 2018 order. Under our precedent, we lack jurisdiction to consider these issues because Chaj-Chavez did not timely petition for review of that order.

We have jurisdiction to review "a final order of removal." 8 U.S.C. § 1252(a)(1). To seek review, a party must file a petition for review "not later than 30 days after the date of the final order of removal." *Id.* § 1252(b)(1). We have held that a decision of the BIA "denying . . . withholding of removal . . . and CAT protection but remanding to the IJ for voluntary departure proceedings

2

21-7

is a final order of removal . . . and, effectively, the only order that we can review." *Singh v. Lynch*, 835 F.3d 880, 883 (9th Cir. 2016) (per curiam) (quoting *Pinto v. Holder*, 648 F.3d 976, 980 (9th Cir. 2011)). Despite the fact that such an order will result in further voluntary departure proceedings before the IJ, a party who wishes to seek review of the aspect of the order denying withholding of removal and CAT protection must therefore file a petition for review within 30 days. *Id.* Once this 30-day period has expired, we lack jurisdiction to consider a challenge to the denial of relief that is presented through a petition for review of the remanded voluntary departure proceedings. *Id.*

Here, the BIA's May 2018 order denying withholding of removal and CAT protection but remanding for further voluntary departure proceedings was a "final order of removal." *See id*. To seek review of this order, Chaj-Chavez was required to file a petition for review within 30 days. He did not do so. Instead, Chaj-Chavez waited until after the proceedings on remand, by which point the 30-day period for seeking review of the May 2018 order had long expired. Under our precedent, we lack jurisdiction to consider Chaj-Chavez's untimely challenges to the May 2018 order, which are the only arguments he asserts in his brief. *See id.* Accordingly, we dismiss the petition for review for lack of jurisdiction.

**DISMISSED.**