NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA DE LOURDES FLORES, AKA Maria De Lourdes Ortiz Garcia, | No. 19-72227 |
| | Agency No. |
| Petitioner, | A095-346-088 |
| v. | MEMORANDUM[*] |
| TODD BLANCHE, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 15, 2026[**]
San Francisco, California

Before: RAWLINSON, R. NELSON, and BADE, Circuit Judges.

Maria De Lourdes Flores (De Lourdes Flores), a native and citizen of

Mexico, petitions for review of a decision of the Board of Immigration Appeals

(BIA) dismissing her appeal of the denial by an Immigration Judge (IJ) of her

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

applications for withholding of removal and protection under the Convention

Against Torture (CAT).[1]  We deny the petition.

We review the BIA's legal determinations de novo and its factual findings

for substantial evidence.  *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th

Cir. 2023), *as amended*.  Under substantial evidence review, "[w]e reverse the BIA

only where any reasonable adjudicator would be compelled to conclude to the

contrary."  *Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021) (citation and

internal quotation marks omitted).  "Where, as here, the BIA agrees with the IJ's

reasoning, we review both decisions. . . ."  *Rodriguez-Zuniga v. Garland*, 69 F.4th

1012, 1016 (9th Cir. 2023) (citation omitted).

**1.**  De Lourdes Flores asserts that the BIA erred because it did not "apply the

appropriate legal standard" when considering her application for withholding of

removal.  However, substantial evidence supports the BIA's denial of withholding

of removal on the basis that De Lourdes Flores failed to establish a nexus between

any past or future harm in Mexico and a protected ground.  *See id.* (noting that for

a withholding of removal claim, "a petitioner must prove a causal nexus between

one of her statutorily protected characteristics and either her past harm or her

objectively tenable fear of future harm") (citations omitted).  More specifically, to

establish eligibility for withholding of removal, a petitioner must demonstrate that

---

[1]  De Lourdes Flores did not apply for asylum relief.

a protected characteristic will be "a reason" for future harm. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). The BIA applied the "a reason" analysis.[2]

De Lourdes Flores testified that her husband's nephew was kidnapped, beaten, and held for ransom, most likely by the La Familia Michoacan cartel, and that she feared returning to Mexico due to generalized violence. However, there was insufficient evidence that any harm was motivated by membership in her particular social group of "the Flores family," or any other statutorily protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010), *as amended* (holding that a non-citizen's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground") (citations omitted). This lack of nexus is fatal to De Lourdes Flores's application for withholding of removal. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

**2.** The BIA noted that De Lourdes Flores failed to "meaningfully challenge" the denial of her application for CAT relief. Thus, this matter is not properly

---

[2] The BIA did not deny De Lourdes Flores relief based on lack of a cognizable social group, the risk of harm to members of her particular social group, or conviction of a particularly serious crime. Therefore, we will not address these issues. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) ("In reviewing the BIA's decisions, we consider only the grounds relied upon by that agency. . . .")

before us. *See Matter of M-D-C-V-*, 28 I&N Dec. 18 n.1 (BIA 2020); *see also Matter of N-A-I-*, 27 I&N Dec. 72, 73 n.1 (BIA 2017).

**3.** The BIA did not reinstate the voluntary departure period. De Lourdes Flores does not challenge that determination. Thus, her removal order may be enforced immediately. *See Singh v. Lynch*, 835 F.3d 880, 882-83 (9th Cir. 2016) (per curiam).

**PETITION DENIED**.[3]

---

[3] The motion for stay of removal (Dkts. #1, 8) is denied.